

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

February 20, 1950

Hon. Robert S. Calvert
Comptroller of Public
Accounts
Austin, Texas

Opinion No. V-1008.

Re: The payment of fees of the
Sheriff of Walker County for
conveying a prisoner from
the Huntsville penitentiary
to a District Court in Trav-
is County for trial for fel-
ony.

Dear Sir:

Your request for an opinion is as follows:

"This Department has received a claim for
fees in a felony case submitted by the Sheriff
of Walker County. Said fees are claimed by
the sheriff for conveying a prisoner from the
Huntsville penitentiary to Austin where said
prisoner was wanted for the offense of burgla-
ry. The Sheriff of Walker County performed
this service due to his having received a
bench warrant addressed to him and issued by a
District Judge out of a District Court in Trav-
is County. This Department requests the an-
swers to the following questions:

"1. Would this bench warrant be a proper
order authorizing said sheriff to perform the
service of conveying the prisoner out of the
sheriff's county to some other county?

"2. Walker County pays its county offi-
cers on a fee basis. Would conveyance fees be
properly payable to the Sheriff of Walker Coun-
ty under the provisions of Article 1030, C.C.P.
for this service?"

There is no statute in Texas authorizing the is-
suance of "bench warrants" but at common law and in prac-
tice a warrant issued from the bench or court to compel
the appearance of a person in a case is denominated as "a
bench warrant." Ex Parte Lowe, 251 S.W. 506 (Tex. Crim.
1923) (recognizing the authority of the District Judge of

Hill County to issue a bench warrant to the sheriff of McLennan County directing him to deliver a person in his custody to the sheriff of Hill County); Gaines v. State, 53 S.W. 623 (Tex. Crim. 1899) (recognizing the authority of the District Court to issue a bench warrant to the penitentiary authorities directing them to deliver a prisoner for trial).

Walker County has a population of 19,868 inhabitants according to the last preceding Federal Census and its county officers (with the exception of the sheriff) are compensated on a fee basis. Therefore, the sheriff may receive felony fees due him from the State. A. G. Opinion V-748.

There were cast in Walker County 2,551 votes in the last presidential election. Therefore, the provisions of Article 1030, V.C.C.P., are applicable to Walker County. Article 1030, V.C.C.P., provides in part as follows:

"In each county where there have been cast at the preceding presidential election less than 3000 votes, the sheriff or constable shall receive the following fees when the charge is a felony:

"1. For executing each warrant of arrest or capias, or for making arrest without warrant, when authorized by law, the sum of one dollar; and five cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying the prisoner or prisoners to jail, mileage, as provided for in subdivision 4 shall be allowed; provided, that in counties that have a population of less than forty thousand inhabitants, as shown by the preceding Federal census, the following fees shall apply: For executing each warrant of arrest or capias, or for making arrest without warrant, when authorized by law, three dollars and fifteen cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying prisoners to jail, mileage as provided for in subdivision 4 shall be allowed; and one dollar shall be allowed for the approval of a bond.

" . . .

"4. For removing a prisoner, for each mile going and coming, including guards and all other expenses, when traveling by railroad, ten cents; when traveling otherwise than by railroad, fifteen cents; provided, that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional prisoner."

In discussing a similar question it was held in Attorney General Opinion No. 3011, dated December 13, 1937:

"A bench warrant is a common law process not defined by the Statute of Texas, and although the courts in Oxford v. Berry, 170 N.W. 83, 204 Mich. 197, and in Ex Parte Lowe, 251 S.W. 506, have defined a bench warrant as a warrant of arrest, they further say that it is sometimes used to bring a convict confined in the penitentiary to trial in another case, and we are of the opinion that a bench warrant is not contemplated as being a warrant of arrest or capias as provided in Subdivision 1 of Article 1029, but it is merely an order by the District Judge in cases such as those submitted in your question for the sheriff to proceed to a certain place and get a prisoner whom he has already had in custody and upon whom he has already served the capias or warrant of arrest and returned the body of such prisoner to the court issuing the order. It is not an ordinary warrant of arrest directing the sheriff to arrest the person named therein where ever found, but on the other hand it is an order directed to the officer or person having custody of the prisoner ordering such officer or other person to deliver the prisoner to the sheriff for the purpose of conveying him to the court issuing the warrant.

"In cases where the sheriff has not had the prisoner in his custody on the same charge prior to the issuance of the bench warrant, then it is necessary for the sheriff to proceed with a capias as well as with a bench warrant to the penitentiary or other place for the purpose of arresting a prisoner, and in

cases of this kind we are of the opinion that he would be entitled to only five cents per mile while going to the place of arrest, but in cases such as the question submitted by you where the sheriff has already taken the prisoner into custody and has served the capias upon him, and then the prisoner has been taken to some other jurisdiction and it became necessary for the sheriff to proceed under a bench warrant to get the prisoner and bring him to the court issuing the bench warrant, then in that event he is not going to the place of arrest, but is merely going to convey a prisoner to the court, and we are of the opinion that the sheriff is entitled to mileage as provided in Subdivision 4 of Article 1029.

"The Supreme Court of Texas in the case of Binford v. Robinson, 244 S.W. 807, has held that the sheriff is entitled to ten cents per mile for himself and ten cents per mile for the first prisoners, making a total of twenty-cents per mile when traveling by train with the prisoner. Therefore, it would necessarily follow that the sheriff when traveling otherwise than by railroad would be entitled to fourteen cents for himself and fourteen cents for the prisoner for the mileage traveled with such prisoner.

"The fact that this construction has been placed upon this statute for a number of years by the Comptroller's Department and the fee officers have acted under such construction over a long period of time, and the Legislature although charged with the knowledge of such construction, have not amended or in anywise changed the wording of such statute, leads us to the conclusion that it was the legislative intent that this construction be placed upon this act.

"We are, therefore, of the opinion that an officer while acting as set forth in the question propounded above should draw fees or mileage as provided in Subdivision 4 of Article 1029. For example, a sheriff in executing a bench warrant for removing prisoners confined in the State penitentiary to another county to be tried on a felony charge should receive, when traveling otherwise than by railroad, fourteen

cents per mile while going after such prisoner and fourteen cents for himself and fourteen cents for the prisoner, making a total of twenty-eight cents per mile while returning the prisoner to the jurisdiction of the court issuing the warrant."

It was held in Attorney General Opinion No. 2967, dated July 25, 1935, that a sheriff would be entitled to be paid mileage fees for the execution of a bench warrant issued by a Justice Court to a sheriff of another county. It was held in Attorney General Opinion addressed to Hon. Moore Lynn, State Auditor, August 4, 1932, that a sheriff acting under the authority of a bench warrant would be entitled to mileage fees under Articles 1029 and 1030, V.C.C.P., for going to and from the State Penitentiary at Huntsville to convey a prisoner back to the county seat to answer a charge of insanity pending against him.

In answer to your first question you are therefore advised that the bench warrant referred to by you was a proper order authorizing the sheriff to perform the service of conveying the prisoner to Travis County.

In view of the above mentioned Attorney General Opinions you are advised that the sheriff is entitled to be paid mileage fees for the execution of the bench warrant under the provisions of Article 1030, V.C.C.P.

## SUMMARY

The sheriff of Walker County is entitled to mileage fees under the provisions of Article 1030, V.C.C.P., for the execution of a bench warrant issued by a District Court of another county directing this sheriff to convey a prisoner from the State penitentiary to appear for trial in a felony case. Gaines v. State, 53 S. W. 623 (Tex. Crim. 1899); Ex Parte Lowe, 251 S.W. 506 (Tex. Crim. 1923); A. G. Opinion No. 2967 dated July 25, 1935; A. G. Opinion No. 3011 dated December 13, 1937.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant
JR:mw:bh

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant